53  597
61  107
61  108

53  597
112  577

IN THE MATTER OF THE PETITION OF HARRIS BLOOM.

*Sentences to take effect in future.*

A sentence to a term of confinement to begin after an interval cannot be sustained if it is uncertain and indefinite, and subject to undefined and uncertain contingencies.

Habeas corpus.   Discharge applied for April 29.   Granted April 30.

*Edward S. Grece* for petitioner.

COOLEY, C. J.   The petitioner was convicted in the Police Court of Detroit on January 25, 1884, on two separate charges of simple larceny, on one of which he was sentenced

to confinement in the Detroit House of Correction for the term of three months from and including the day of conviction, and on the other he was sentenced to a like confinement "from and after April 24, 1884, unless before that time any order or judgment committing the said Harris Bloom to the said Detroit House of Correction should sooner expire, or the said Harris Bloom should be otherwise entitled by law to be released from confinement in the said Detroit House of Correction, then, and in such case, said term and period of three months hereinbefore first recited to commence, and the said Harris Bloom be committed and held in the said Detroit House of Correction for the full end and term of three months thereafter." The petitioner, having served out the term under the first sentence, now applies on habeas corpus for a discharge, on the ground that cumulative sentences are illegal.

We have no statute providing for such sentences, and in the absence of statutory provision therefor the question presented is not without difficulty, as the following cases will abundantly show: *Wilkes' Case* 6 Brown Parl. Rep. 354; *Queen v. Cutbush* L. R. 2 Q. B. 379; *State v. Smith* 5 Day 175; *Brown v. Com.* 4 Rawle 259; *Warden of State Prison v. Allen* 11 Ind. 389; *James v. Ward* 2 Metc. (Ky.) 271; *Kite v. Com.* 11 Met. 581; *Ex parte Meyers* 44 Mo. 279; *Ex parte Roberts* 9 Nev. 44; *People v. Forbes* 22 Cal. 135; *Brown v. Rice* 57 Me. 56; *People v. Whitson* 1 Cent. Law J. 552. But, expressing no opinion upon the general question, we think a sentence to confinement to take effect in the future cannot be sustained, unless it is certain and definite, and not subject to undefined and uncertain contingencies. The commitment in this case is not of that character.

The petitioner must be discharged.

The other Justices concurred.