*In re* ALLISON.

1. CRIMINAL LAW—SENTENCE—COMMENCEMENT.
   In the absence of statutory authority, a sentence may not be imposed to commence at the completion or expiration of another sentence.

2. SAME—ILLEGAL SENTENCE—SUBSTITUTION OF LEGAL SENTENCE.
   Where a trial court has imposed an illegal sentence it has the power to substitute for it a legal sentence notwithstanding the illegal sentence has been partly executed.

3. SAME—ILLEGAL SENTENCE—CORRECTION NUNC PRO TUNC.
   Where sentence imposed for crime committed was one which the court might lawfully impose but defective in that it provided, without statutory authority, that it should begin at an indefinite future date instead of at the date of imposition, the defect may be corrected by the court *nunc pro tunc*.

4. SAME—RAPE—SENTENCE—CORRECTION OF SECOND SENTENCE.
   Where defendant who had been convicted of statutory rape and sentenced to serve 3½ to 15 years was out on bail pending application for leave to appeal when he became involved again and was convicted of rape and sentenced to serve a term of 15

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am. Jur., Criminal Law, § 464.
[1] Cumulative sentences. 7 L.R.A.(N.S.) 124.
[1] When sentences imposed by same court run concurrently or consecutively; and definiteness of direction with respect thereto.   70 A.L.R. 1511.
[2] Power of court to resentence after expiration of term of court at which an invalid sentence was imposed.  106 A.L.R. 847.
[2] Power of trial court to change sentence after commitment or payment of fine.  168 A.L.R. 706.
[2] What constitutes commencement of service of sentence, depriving court of power to change sentence.  159 A.L.R. 161.
[2, 4] Right to credit for time served under void sentence.   9 A.L.R. 958.
[3] Power to change time for commencement of sentence.  3 A.L.R. 1572.

to 25 years to begin at expiration of first sentence, parole board terminated first sentence nearly 3½ years after it was imposed and ordered second sentence to commence the next day, writ of habeas corpus is denied and case is remanded to circuit court for entry of order *nunc pro tunc* correcting second sentence to provide for commencement of sentence (Act No. 328, § 520, Pub. Acts 1931).

Habeas Corpus with ancillary certiorari by Fred Matthew Allison to obtain his release from Southern Michigan Prison. Submitted July 9, 1948. (Calendar No. 44,037.) Writ denied October 4, 1948.

*Kremlick & Petzer,* for petitioner.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, for the people.

DETHMERS, J. Upon conviction of statutory rape[*] petitioner was, on May 15, 1944, sentenced by the Muskegon county circuit court to serve a term of not less than 3½ nor more than 15 years in State prison. While out on bail, pending action on his application for leave to appeal, he became involved in Ottawa county and subsequently was convicted in the Ottawa county circuit court of the crime of rape and sentenced by that court, on December 26, 1944, to serve a term of not less than 15 years nor more than 25 years "to begin at the expiration of the sentence imposed by Judge Sanford in the city of Muskegon, Michigan on May 15, 1944." His application for leave to appeal from the Muskegon conviction was denied and on December 28, 1944, he began serving sentence in State prison. Thereafter the parole board entered an order terminating the sen-

---

[*] See Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–520, Stat. Ann. § 28.788).—REPORTER.

tence imposed by the Muskegon county circuit court as of November 7, 1947, and providing for the commencement on November 8, 1947, of the sentence imposed by the Ottawa county circuit court.

Petitioner filed a petition for a writ of habeas corpus and ancillary writ of certiorari, seeking his discharge from prison under the sentence of the Ottawa county circuit court on the ground that the sentence was void for indefiniteness as to time of its commencement and because there is no statutory authority for cumulative or consecutive sentences.

That, in the absence of statutory authority, a sentence may not be imposed to commence at the completion or expiration of another sentence has been held by this Court. *In re Bloom,* 53 Mich. 597; *In re Lamphere,* 61 Mich. 105. In each of these cases habeas corpus proceedings were instituted after service of the first sentence had been completed and in each, had the subsequent sentence been given effect as of the date of its imposition, it would have been served concurrently with the first and served out at or prior to the time when service of the first sentence was completed. Hence, in both cases petitioner was discharged. Such is not the situation here and, therefore, the cases are not authority for the present discharge of this petitioner.

Petitioner contends, on the one hand, that the sentence is not merely defective and subject to correction, but is absolutely void so that it cannot be corrected. On the other hand, he cites *People* v. *Meservey,* 76 Mich. 223, in support of the proposition that when a valid sentence has been legally imposed the authority of the sentencing court over the prisoner ceases so that it cannot thereafter impose a new or different sentence. Petitioner will not be heard thus to blow hot and cold at the same time.

In the case of *In re Vitali,* 153 Mich. 514 (126 Am. St. Rep. 535), this Court said:

"The case of *People* v. *Farrell*, 146 Mich. 264, is authority for the proposition that where the trial court has imposed an illegal sentence it has the power to substitute for it a legal sentence notwithstanding the illegal sentence has been partly executed."

The sentence to a term of not less than 15 nor more than 25 years was one which the court might lawfully impose in this case. The sentence was defective in that it provided, without statutory authority, that it should begin at an indefinite future date instead of at the date of its imposition. The defect is one which may be corrected by the court *nunc pro tunc*. *In re Richards*, 150 Mich. 421.

The relief prayed should be denied, both writs dismissed, and the case remanded to the circuit court for entry of an order *nunc pro tunc* correcting the sentence in accord herewith.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.