*In re* HUBER.

1. HABEAS CORPUS—PURPOSE OF WRIT.
   The office of the writ of habeas corpus is to inquire into the cause of the imprisonment or restraint of the petitioner (CL 1948, § 637.7).

2. CRIMINAL LAW—SENTENCES—STATE AND FEDERAL COURTS.
   Sentences for crime by State and Federal courts do not run concurrently.

3. SAME—SENTENCE—TIME.
   The essential part of a sentence of imprisonment for crime is not the time when it begins to run, but the serving of the sentence as required by law.

4. SAME—SENTENCE—DELAY IN COMMENCEMENT—SERVICE OF FEDERAL SENTENCE.
   Delay in taking a prisoner into custody after conviction and sentence, occasioned by his service of sentence imposed by a Federal court, does not release him from serving the full term of his sentence imposed by a State court.

Habeas corpus by Michael M. Huber with accompanying certiorari to Recorder's Court for the City of Detroit to obtain his release from State prison of Southern Michigan. Submitted March 27, 1952. (Calendar No. 45,295.) Writ dismissed June 3, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Habeas Corpus § 2.
[2-4] 15 Am Jur, Criminal Law §§ 464–472.
[2-4] Sentences of different courts as concurrent. 5 ALR 380; 53 ALR 625.

*Michael M. Huber, in pro. per.*

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Garfield A. Nichols* and *George W. Miller,* Assistant Prosecuting Attorneys, for the people.

S<span>harpe</span>, J. On April 9, 1946, petitioner, Michael M. Huber, was arraigned on 2 complaints and warrants, one charge being that of carrying a concealed weapon and the other in which he was joined with 2 other codefendants, charged with breaking and entering a dwelling in the nighttime with a second count of grand larceny. Petitioner waived examination on both complaints, and on April 24, 1946, pleaded guilty to the charge of carrying concealed weapons and also to the charge of breaking and entering a dwelling in the nighttime.

On April 30, 1946, petitioner was sentenced in the district court of the United States, eastern district of Michigan, southern division, on 3 separate indictments; each sentence was for a term of 5 years, and were to run concurrently.

On May 7, 1946, petitioner was returned to the recorder's court for the city of Detroit and was sentenced to a minimum term of 1 year and a maximum term of 5 years on the charge of carrying concealed weapons, and a minimum term of 5 years and a maximum term of 15 years on the charge of breaking and entering a dwelling in the nighttime.

The court ordered that the above State sentences were to run concurrently.

On December 27, 1949, petitioner was delivered into the custody of the warden of the State prison of southern Michigan, according to the certification of the sheriff of Wayne county, Michigan. On Oc-

tober 20, 1950, petitioner petitioned for a writ of habeas corpus in the recorder's court for the city of Detroit, where he questioned the validity of his sentence in the recorder's court because they were indefinite as to date of beginning. On December 1, 1950, the trial judge denied petitioner's petition for a writ of habeas corpus, giving as his reason that the recorder's court was without jurisdiction to determine such issue.

Subsequently petitioner filed a petition for leave to appeal from the order entered in the recorder's court. We have considered the petition as an application for a writ of habeas corpus. In determining the issue involved in this cause we have in mind that the sentence of the trial judge did *not* provide that the sentence would begin at the expiration of petitioner's confinement in a Federal prison.

The mittimus in part reads as follows:

"And upon said conviction, the said court, at a session thereof, held as aforesaid, did, on the 7th day of May, 1946, adjudge and determine that the said Michael Matthew Huber, who is now the age of 25 years, should be committed to the State prison of southern Michigan, in the county of Jackson, and therein safely kept and employed according to the laws thereof, for the period of not less than 5 years from and including this date to 15 years.".
"This sentence to run concurrently with sentence imposed on A-43281."

The mittimus on the other sentence also contained the above, except that it read from 1 to 5 years.

In a brief filed petitioner admits that the mittimus in each case makes no mention of his claim that the sentences were to begin at the expiration of his Federal sentence, but urges that the minutes of the trial court and the records of the State prison state that sentences are to begin on December 2, 1949, the date of his release from Federal custody.

The office of the writ of habeas corpus is to inquire into the cause of the imprisonment or restraint of the petitioner—see CL 1948, § 637.7 (Stat Ann § 27.2250). There is nothing in the code of criminal procedure relative to the time when a sentence upon conviction for a crime is to begin, nor have we been able to find any adjudicated cases in Michigan determining this issue. In the case at bar the delay in beginning the State sentence was because petitioner was serving a Federal sentence.

In *People, ex rel. Hesley,* v. *Ragan,* 396 Ill 554 (72 NE2d 311), one Hesley was convicted of robbery in the Federal court and sentenced to a term of 25 years. After delivery of the prisoner to the penitentiary he was indicted in Illinois for murder. He was returned for trial in Illinois and convicted of the crime of murder. He was sentenced to a term of 25 years by the State court of Illinois.

Upon serving his sentence as a Federal prisoner he was returned to Illinois to begin serving his State sentence. Under habeas corpus proceedings petitioner sought release from his State sentence and urged that his Federal sentence and State sentence ran concurrently.

The court held that petitioner was not entitled to credit on the State sentence for time served in prison on his Federal conviction. In an opinion the court said:

"We also held in *People* v. *Kennay,* 391 Ill 572 (63 NE2d 733), that sentences of imprisonment to different places of confinement do not run concurrently. This rule of law that State and Federal sentences do not run concurrently would appear to be definitely settled by many adjudicated cases. *Vanover* v. *Cox* (CCA), 136 F2d 442; *Ex parte Campbell,* 36 Cal App2d 221 (97 P2d 482); *Ex parte Sichofsky,* 201 Cal 360 (257 P 439, 53 ALR 615)."

For effect of delay in taking defendant into custody after conviction and sentence, see 72 ALR 1271–1279.

In our opinion the essential part of a sentence of imprisonment is not the time when it begins to run, but the serving of the sentence as required by law. Delay in taking petitioner into custody after conviction and sentence does not release him from serving the full term of his sentence. Petitioner is not entitled to be discharged and the relief prayed for is denied and the writ dismissed.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.