## *In re* CAREY.

1. CRIMINAL LAW—STATUTES—COMMENCEMENT OF SENTENCE.

   A sentence for crime may not be imposed to commence at the completion or expiration of another sentence under State law in the absence of statutory authority.

2. SAME—COMMENCEMENT—SENTENCES—FEDERAL DETENTION.

   Rule that sentence of an individual, who has been in custody of Federal authorities when sentenced in a State court, does not begin to run until he is delivered to the custody of State authorities is overruled so that the sentences will run from date of imposition of the later sentence or sentences, in the absence of statutory authority.

3. PARDON—JURISDICTION OF PAROLE BOARD.

   The date of the expiration of the minimum sentence which had been imposed determines when the parole board receives jurisdiction (CLS 1956, § 791.234, as amended by PA 1958, No 210).

4. SAME—CREDIT FOR TIME SPENT IN FEDERAL DETENTION—HABEAS CORPUS—MANDAMUS.

   Department of corrections is directed to give credit for period of time spent in Federal prison following conviction in State court, where Federal sentence has been served and the period of the minimum sentence under State sentences has now expired, the petition for habeas corpus being treated as petition for mandamus, since habeas corpus does not lie prior to expiration of maximum sentence (CLS 1956, § 791.234, as amended by PA 1958, No 210).

   DETHMERS, KELLY, and BLACK, JJ., dissenting.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur, Criminal Law § 448.
[3] 39 Am Jur, Pardon, Reprieve and Amnesty § 86.
[4] Right of State or Federal prisoner to credit for time served in another jurisdiction before delivery to State or Federal authorities. 18 ALR2d 511.

Habeas corpus by James G. Carey against the Warden of State Prison of Southern Michigan, with ancillary writs of certiorari to Recorders' Court of Detroit and to Macomb Circuit Judge, to test continued incarceration on sentences imposed while petitioner was in Federal custody, he claiming sentences ran concurrently. Submitted September 30, 1963. (Calendar No. 37, Docket No. 50,323.) Writ of habeas corpus dismissed, but petition treated as one for mandamus and granted as to Department of Corrections and its Parole Board, March 5, 1964.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James R. Ramsey,* Assistant Attorney General, for the people.

*James G. Carey, in propria persona.*

SMITH, J. The pertinent facts are that the petitioner was sentenced in recorder's court for the city of Detroit, October 22, 1957, to serve a term of 3 to 14 years and on November 19, 1957, was sentenced in the circuit court for Macomb county to serve a term of 3 to 15 years. At the time, he was under sentence of 5 years imposed in the United States district court for the eastern district of Michigan on October 18, 1957. He served his 5-year sentence in Federal custody and was transferred to the department of corrections of Michigan October 17, 1962.

The attorney general sums up the problem admirably:

"The petitioner's important claim is that he has not been credited on either his minimum or maximum term with the period of time which he spent in the Federal prison. This course is not open to him on this habeas corpus, but would be a matter for deter-

mination by the court if the petition were treated as one for mandamus instead of for habeas corpus.

\* \* \*

"The problem is one of deep concern to the department of corrections. While the sentences here involved antedate *Illova* [*In re Illova,* 351 Mich 204] and were after *Huber* [*In re Huber,* 334 Mich 100], many persons have since the publication of *Illova* been sentenced to serve a term which was stated to be concurrent with a Federal sentence, or have received sentences which, while they did not so state, bore a recommendation that the sentences be considered to be concurrent with a Federal sentence. Other persons have been sentenced to serve terms which were consecutive or to be served after the time when the Federal sentence was completed. Still other persons have been sentenced without any suggestion as to how they should be served."

We are thus faced with an anomalous situation. Insofar as 2 or more sentences under State law are concerned, we know, that in the absence of statutory authority, a sentence may not be imposed to commence at the completion or expiration of another sentence. *In re Bloom,* 53 Mich 597; *In re Lamphere,* 61 Mich 105; *In re Allison,* 322 Mich 491. Yet, where an individual has been in custody of Federal authorities when sentenced in a State court, we have held that his State sentence does not begin to run until delivered to the custody of State authorities. *In re Huber,* 334 Mich 100; *In re Illova,* 351 Mich 204.

In the *Bloom, Lamphere,* and *Allison Cases, supra,* the refusal of consecutive sentencing, in the absence of statutory authority, was bottomed upon the fact that so to allow would render the second sentence uncertain and indefinite and subject to "undefined and uncertain contingencies." *In re Bloom, supra.* Contrariwise, we have concluded in the *Huber* and

*Illova Cases,* that the essential part of a sentence is "not the time when it begins to run, but the serving of the sentence as required by law." *In re Huber, supra,* 104. It was said further that "When a defendant has violated both State and Federal laws he is liable to each sovereign." *In re Illova, supra,* 209.

There seems little justification for this dual approach in the sentencing law, and the sooner we eliminate it the better. A defendant who is sentenced in a State court after receiving sentence in a Federal court is subject to the same "undefined and uncertain contingencies" about when State sentence begins, as he is in the case of 2 or more State sentences. The reason for the rule aptly applies in both types of cases. Therefore, we hold that where a defendant has been sentenced in Federal court, and is subsquently sentenced in a State court or courts, sentence may not be imposed to commence at the completion or expiration of Federal sentence, in the absence of statutory authority. *Bloom, Lamphere* and *Allison, supra.* To the extent that *Huber* and *Illova, supra,* express a contrary view, said cases are overruled.

Obviously, it has been more than 5 years since petitioner was sentenced in State courts for sentences bearing 3-year minimums. The date of minimum expiration, by statute, determines when the parole board receives jurisdiction. CLS 1956, § 791.-234, as amended by PA 1958, No 210 (Stat Ann 1961 Cum Supp § 28.2304). We find, therefore, that petitioner should properly be within the jurisdiction of the parole board.

Petitioner seeks habeas corpus, but habeas corpus will not lie because petitioner has not served maximum sentence. *In re Allison, supra.* However on the implied suggestion of the attorney general, we treat the petition as one for mandamus. We reach

the conclusion that mandamus should issue against the parole board requiring acceptance of jurisdiction of petitioner for possible parole in accordance with the law in such cases made and provided.

Writ of mandamus will issue.

KAVANAGH, C. J., and SOURIS and O'HARA, JJ., concurred with SMITH, J.

DETHMERS, J. (*dissenting*). I am not persuaded that *In re Huber,* 334 Mich 100, and *In re Illova,* 351 Mich 204, should be overruled. For the reasons therein stated the writs of habeas corpus and certiorari heretofore issued herein should be dismissed and mandamus ought not to issue.

KELLY and BLACK, JJ., concurred with DETHMERS, J.

ADAMS, J., did not take part in the decision of this case.