PEOPLE *v.* DAVIS.

CRIMINAL LAW—ESCAPES—CONSECUTIVE SENTENCE—STATUTES.
   Sentence for unlawfully driving away an automobile to commence
      after expiration of life sentence for first-degree murder *held*,
      valid, where statute permitted commencement of sentence for
      crime committed by escapee to start after expiration of sentence
      being served at time of escape (CL 1948, § 750.413; CLS 1961,
      § 768.7a).

Appeal from Jackson; Dalton (John C.), J. Submitted Division 2 December 8, 1965, at Lansing. (Docket No. 451.) Decided January 25, 1966. Leave to appeal denied by Supreme Court May 17, 1966. See 377 Mich 710.

Orcean Davis was convicted of unlawfully driving away an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James G. Fleming,* Prosecuting Attorney, and *Thomas G. Fleming,* Assistant Prosecuting Attorney, for the people.

*William F. Goler,* for defendant.

QUINN, J. While serving a life sentence for first-degree murder, defendant was convicted by his plea of guilty of unlawfully driving away an automobile. CL 1948, § 750.413 (Stat Ann 1954 Rev § 28.645). He was sentenced to State prison for a term of 1-1/2 to 5 years, sentence to commence at the expiration of the life sentence defendant was then serving. De-

---

REFERENCES FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 545, 547–549,

fendant appeals on the basis that the sentence was null and void because it was uncertain and indefinite.

Defendant clearly states the issue presented as:

"May an inmate of a penal institution who, while serving a term of imprisonment for his natural life, shall commit a criminal offense, upon a conviction therefor, be sentenced to a term of imprisonment to begin at the expiration of the term then being served?"

In support of his position, defendant relies on *In re Bloom* (1884), 53 Mich 597, and *In re Lamphere* (1886), 61 Mich 105. Each of the cases relied on held that a sentence similar to the one here appealed from was void because the time of commencement was indefinite and uncertain, but in each case the Supreme Court specifically held that this was true because there was no statute on the subject. There was such a statute when defendant here was sentenced. CLS 1961, § 768.7a (Stat Ann 1954 Rev § 28.1030[1]) provides:

"Any person who is now or hereafter incarcerated in any penal or reformatory institution in this State, or who escapes from such institution, and commits a crime punishable by imprisonment in any penal or reformatory institution in this State shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for such crime may, at the discretion of the court pronouncing judgment in such case, commence forthwith or at the expiration of the term or terms of sentence which such person is serving or has theretofore become liable to serve in any penal or reformatory institution in this State.

"The powers conferred upon the court by this section shall be deemed to be supplementary to any other power conferred by law."

This clearly authorizes the sentence imposed in this case.

The trial court is affirmed.

LESINSKI, C. J., and McGREGOR, J., concurred.