PEOPLE v DANIELS

1. CRIMINAL LAW—SENTENCES—CONCURRENT SENTENCES.

Sentences should run concurrently unless otherwise authorized by law where a defendant has been sentenced in Federal court or in the court of another state and is subsequently sentenced in a Michigan court.

2. CRIMINAL LAW—SENTENCES—CONSECUTIVE SENTENCES—OUT-OF-STATE CONVICTIONS—SUBSEQUENT FELONY CONVICTIONS—TRIAL COURT DISCRETION—STATUTES.

A defendant who has been charged with a felony and convicted may be given a consecutive sentence for a subsequent conviction on another felony charge where the defendant committed the subsequent felony while the disposition of the prior charge was pending; however, this operates at the discretion of the trial court and where the trial court for the subsequent conviction erroneously concludes that because the defendant was serving a sentence in another state on the prior conviction the trial court has no discretion and must impose a consecutive sentence on the subsequent conviction, the matter should be remanded for resentencing so that the trial court may exercise its discretion (MCLA 768.7b; MSA 28.1030[2]).

3. CRIMINAL LAW—SENTENCES—CREDIT FOR TIME SERVED—COURT RULES.

A trial court shall, before sentence is imposed, state any credit for time served to which a defendant may be entitled (GCR 1963, 785.8[3]).

4. CRIMINAL LAW—GUILTY PLEAS—RECORD.

It should appear on the record that a defendant, entering a plea of guilty, pled guilty to an offense of which he might have been convicted at trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 547, 551.

[3] 60 Am Jur 2d, Penal and Correctional Institutions § 58 *et seq.*

[4] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

[5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 304, 340.

5. CRIMINAL LAW—UNLAWFUL USE OF AN AUTOMOBILE—ELEMENTS—
   SUFFICIENT FACTUAL BASIS—KNOWLEDGE—USE WITHOUT PER-
   MISSION.

Unlawful use of an automobile requires only that the use of a
vehicle, lawful possession of which has already been obtained,
be illegal; there is a sufficient factual basis for this offense
where a defendant knew that he was using another's automo-
bile without permission.

Appeal from Jackson, James G. Fleming, J.
Submitted March 4, 1976, at Lansing. (Docket Nos.
24946, 24947.) Decided May 28, 1976.

Virgil P. Daniels was convicted, on his plea of
guilty, on two counts of use of an automobile
without authority but without intent to steal.
Defendant's sentence was to be served consecu-
tively to a sentence then being served in Ohio.
Defendant appeals. Conviction affirmed, but re-
manded for resentencing.

*Adams, Goler* and *Boham,* for defendant.

Before: D. F. WALSH, P. J., and J. H. GILLIS and
R. M. MAHER, JJ.

PER CURIAM. Defendant, charged with two
counts of unlawfully driving away an automobile
contrary to MCLA 750.413; MSA 28.645, pled
guilty to two counts of use of an automobile with-
out authority but without the intent to steal in
violation of MCLA 750.414; MSA 28.646, and was
sentenced to a prison term of not less than 15
months to 2 years, the same to run consecutively
to a sentence of 2 to 15 years which defendant was
then serving in the state of Ohio for the offense of
armed robbery.

On appeal defendant claims that the trial court
erred in concluding that it had to sentence defend-
ant to serve consecutive sentences and that the

trial court also erred with respect to various provisions of GCR 785.7 in the taking of the two pleas.

Defendant was charged with two auto thefts in February of 1974. The first of these occurred on February 19th and involved an auto owned by one Robert Peterson, and the second theft occurred on February 23rd and involved a car belonging to a Mrs. Sherwood.

After waiving examination in the district court, defendant was placed on a personal bond and on April 9, 1974, in the circuit court, his bond was forfeited and a bench warrant issued for his arrest.

Thereafter defendant was convicted of robbery armed in Ohio and was serving a 2 to 15 year sentence when he was returned to the state of Michigan under the provisions of the Interstate Agreement on Detainers, MCLA 780.601; MSA 4.147(1), to take care of the two outstanding warrants.

The record discloses that the trial judge, on the sentencing date of June 18, 1975, was under the impression that the provisions of the interstate compact with Ohio, MCLA 780.601; MSA 4.147(1), and the law of this state left him without discretion in the matter of sentencing and that defendant had to serve a sentence consecutive to that of the Ohio court. However, Article III(e) of the statute provides in part "Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law".

With respect to the status of the law in Michigan, the Supreme Court appears to have resolved this issue in the case of *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964). In that case, the petitioner was sentenced to 3 to 14 years in prison on October 22, 1957, from recorder's court and then sentenced to 3 to 15 years on November 19, 1957,

from Macomb County Circuit Court. He had previously been sentenced to 5 years in Federal prison on October 18, 1957, and after sentencing in the state court, was returned to Federal prison. He was returned to Michigan authorities on October 17, 1962, to serve his Michigan sentences. He petitioned the Court, on a writ of habeas corpus, claiming that his Michigan sentences should have run concurrently rather than consecutively with the Federal sentence.

The Court agreed with the petitioner. Previously, the Court had concluded that sentences should run consecutively if the Federal government imposes one sentence and the defendant is also sentenced pursuant to a state conviction. See *In re Huber,* 334 Mich 100; 53 NW2d 609 (1952). However, for separate sentences imposed in this state, sentences were to run concurrently unless otherwise provided by statute. See *In re Bloom,* 53 Mich 597; 19 NW 200 (1884), *In re Allison,* 322 Mich 491; 33 NW2d 917 (1948). The Court considered the two sets of rules and concluded:

"In the *Bloom, Lamphere* [61 Mich 105; 27 NW 882 (1886)], and *Allison Cases, supra,* the refusal of consecutive sentencing, in the absence of statutory authority, was bottomed upon the fact that so to allow would render the second sentence uncertain and indefinite and subject to 'undefined and uncertain contingencies.' *In re Bloom, supra.* Contrariwise, we have concluded in the *Huber* and *Illova* [351 Mich 204; 88 NW2d 589 (1958)] *Cases,* that the essential part of a sentence is 'not the time when it begins to run, but the serving of the sentence as required by law.' *In re Huber, supra,* 104. It was said further that 'When a defendant has violated both State and Federal laws he is liable to each sovereign.' *In re Illova, supra,* 209.

"There seems little justification for this dual approach in the sentencing law, and the sooner we elimi-

nate it the better. A defendant who is sentenced in a State court after receiving sentence in a Federal court is subject to the same 'undefined and uncertain contingencies' about when State sentence begins, as he is in the case of 2 or more State sentences. The reason for the rule aptly applies in both types of cases. Therefore, we hold that where a defendant has been sentenced in Federal court, and is subsequently sentenced in a State court or courts, sentence may not be imposed to commence at the completion or expiration of Federal sentence, in the absence of statutory authority. *Bloom, Lamphere* and *Allison, supra.* To the extent that *Huber* and *Illova, supra,* express a contrary view, said cases are overruled." *In re Carey,* at 380–381.

The fact the defendant in the case at bar was detained by the state of Ohio, rather than the Federal government, should not make any difference. Just as the Federal government and Michigan are separate sovereignties, Ohio and Michigan are also separate sovereignties. Thus, the rule, quite contrary to what the trial judge expressed, is that the sentences should run concurrently, unless otherwise authorized by law.

This mistake of the law is critical. However, it should be pointed out that the defendant may be sentenced to a consecutive sentence. MCLA 768.7b; MSA 28.1030(2), provides:

"Sec. 7b. When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subsequent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, may run consecutively."

But this statute operates at the discretion of the trial court. In this case, the court determined that it was precluded from exercising its discretion. In

*People v Mauch,* 23 Mich App 723; 179 NW2d 184 (1970), the trial court erroneously concluded that a person who was convicted of a third felony must be sentenced to twice the maximum sentence under the crime for which the defendant was convicted. In that case, the defendant was convicted of escape in which the maximum ·sentence was 3 years; the trial court concluded that a 6-year maximum was mandatory. This Court, in remanding for resentencing, stated:

"Implicit in the language of § 11, we think, is a requirement that the court exercise its discretion in setting a maximum sentence, even if the maximum sentence ultimately set in any given case equals the maximum allowed by § 11, that is, twice the longest term prescribed for a first conviction of the current offense. Since the court did not exercise its discretion, it is necessary to remand defendant for resentencing." *Mauch,* at 730–731.

The instant case appears to be analogous in the sense that the trial court concluded erroneously that it had no discretion. Therefore, we remand for resentencing.

We also wish to point out to the trial court that the record contains no mention of the number of days of credit due defendant while waiting to plead guilty and the time between the plea taking and sentencing. Upon resentencing the trial court in accordance with GCR 1963, 785.8(3) should state the number of days credit on the record.

Defendant's other claims of error with regard to the plea-taking process are without merit. Defendant first alleges that the trial court failed to inform him of the maximum sentence. The record indicates the trial court informed the defendant that the maximum sentence to the charge for

which he was pleading guilty was 2 years. This clearly conforms with the court rule and the court in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), requires no more. Therefore, there is no error. Moreover, defendant claims he was not informed of any consequences of the guilty plea if he were on probation or parole. However, the defendant stated when asked whether he was on probation or parole that he was not on probation or parole. It was abundantly clear to all involved that the defendant had been in prison in Ohio. Therefore, as the defendant was not on probation or parole, there was no error. See, *Guilty Plea Cases, supra,* pp 127-128.

Defendant next alleges that there was an insufficient factual basis. The Court, in *Guilty Plea Cases, supra,* p 129, set forth the test that it should appear "on the record that the defendant pled guilty to an offense of which he might have been convicted at trial". In *People v Blocker,* 45 Mich App 138, 142; 206 NW2d 229 (1973), the Court set out as the elements of this crime:

"Unlawful use of an automobile requires only that the use of a vehicle, lawful possession of which has already been obtained, be illegal. See *People v Smith,* [213 Mich 351; 182 NW 64 (1921)]; *United States v One 1941 Chrysler Brougham Sedan,* 74 F Supp 970 (ED Mich, 1947); *People v Ryan,* 11 Mich App 559, 561 [161 NW2d 754] (1968)."

From the recitation that the defendant gave, in both cases, it is clear that the elements of this crime were met. He did not have the permission of Mr. Peterson to drive the car and clearly did not have the permission of Mrs. Sherwood. While the defendant did indicate that he might have been high, it appears from this recitation that the de-

fendant did know what he was doing; that is, the defendant knew that he was using another's automobile without permission. This is all that is required to satisfy the requirement that there be a sufficient factual basis.

Thus, the trial court did not err in obtaining the defendant's guilty plea. Remanded for resentencing.