# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DELMEREY DESHAWN MORRIS,

       Defendant-Appellant.

UNPUBLISHED
June 22, 2018

No. 337317
Wayne Circuit Court
LC No. 11-003373-01-FC

Before: BECKERING, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Following a jury trial, defendant, Delmerey Morris, was convicted of two counts of second-degree murder,[1] MCL 750.317, assault with intent to do great bodily harm less than murder, MCL 750.84, conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He appeals by right the trial court's amended judgment of sentence in which the trial court resentenced him to concurrent prison terms of 35 to 50 years for second-degree murder, 60 to 220 months for assault with intent to do great bodily harm less than murder, and 20 to 50 years for conspiracy to commit armed robbery, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. We affirm.

## I. BASIC FACTS

In November 2011, Morris, Derrico Searcy, and Darnell Hayes were convicted of shooting Philden Reid during their planned attempt to rob him of his designer sunglasses and money. Morris's sentencing guidelines range for the second-degree murder conviction was 270

---

[1] In a prior appeal, this Court vacated one of Morris's second-degree murder convictions, remanded for correction of the judgment of sentence to reflect only one conviction and sentence for second-degree murder and to correct an error in the judgment that referred to a conviction and sentence for armed robbery, and affirmed in all other respects. *People v Searcy/Hayes/Morris*, unpublished per curiam opinion of the Court of Appeals, issued March 27, 2014 (Docket Nos. 308101, 308527 & 311177); unpub op at 17. Our Supreme Court denied Morris's application for leave to appeal. *People v Morris*, 496 Mich 868 (2014).

-1-

to 450 months, and on November 17, 2011, the trial court sentenced him within the guidelines range to serve 35 to 50 years for the second-degree murder conviction. However, on November 21, 2011, the trial court resentenced Morris to 35 to 60 years for the second-degree murder conviction based on its belief that the adjustment was necessary to comply with the two-thirds rule in MCL 769.34(2)(b).

Subsequently, on October 23, 2015, Morris filed a motion in circuit court for relief from judgment, seeking resentencing. In relevant part, Morris argued that the trial court erroneously believed that it was required to increase his maximum sentence for second-degree murder from 50 years to 60 years to comply with the two-thirds rule. He also argued that the trial court violated his right of allocution at the second sentencing proceeding when it imposed a greater maximum sentence without providing him with an opportunity to address the court. Following an evidentiary hearing, the trial court granted Morris's request for resentencing. On September 13, 2016, the trial court resentenced Morris to 35 to 50 years for the second-degree murder conviction.

## II. RESENTENCING

### A. STANDARD OF REVIEW

Morris first argues that the trial court failed to exercise its discretion when resentencing him because the court erroneously believed that it had to re-impose the 35-year minimum sentence it had originally sentenced Morris to serve. Because Morris did not raise this issue on resentencing, we review this unpreserved error for plain error affecting his substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

### B. ANALYSIS

To begin, we reject the prosecution's position that a remand for a *Crosby*[2] proceeding is required. Although the sentencing guidelines are advisory following our Supreme Court's decision in *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015), the *Lockridge* Court expressly held that "*Crosby* remands are warranted only in cases involving sentences imposed on or before July 29, 2015," whereas a defendant sentenced after that date would have his or her sentence reviewed under "traditional plain-error review from *Carines* . . . ." *Lockridge*, 498 Mich App at 397. Here, Morris was resentenced in September 2016, which is after July 29, 2015, so we must review his sentence under the plain-error standard from *Carines*.[3]

Morris argues that a trial court's failure to exercise sentencing discretion is grounds for resentencing. In support, he directs us to *People v Daniels*, 69 Mich App 345, 349-350; 244 NW2d 472 (1976), where this Court held that resentencing was required when a trial judge

---

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[3] In addition, we note that Morris is requesting resentencing, not a *Crosby* remand. Thus, the prosecution's willingness to "concede" that a *Crosby* remand is necessary is unresponsive to the issue actually before this Court.

erroneously believed that consecutive sentencing was mandatory rather than discretionary. He also directs us to *People v Mauch*, 23 Mich App 723, 730-731; 179 NW2d 184 (1970), where this Court held resentencing was required where a judge erroneously believed that enhancement under the habitual offender statute was mandatory. Neither opinion is binding as they were both issued before November 1, 1990. See MCR 7.215(J). However, even if we were to apply *Daniels* and *Mauch*, there is nothing on the record supporting Morris's contention that the trial court believed that it had to re-impose the same 35-year minimum sentence. Indeed, the record reflects that an updated presentence report was prepared, that the court inquired about whether there were challenges to the scoring of the guidelines, and that it considered other sentencing issues, such as the imposition of restitution. In the absence of any evidence that the court believed it was *required* to impose a 35-year minimum sentence, we cannot find that there is a plain error that affected Morris's substantial rights. Accordingly, remand for resentencing is not warranted.

## III. PUBLIC TRIAL

Morris next seeks relief from his original convictions by arguing that the trial court's closure of the courtroom during a witness's testimony violated his right to a public trial. We decline to consider this issue because it is beyond the scope of this appeal. Pursuant to MCR 7.203(A)(1), this Court has jurisdiction as of right from a final order as defined in MCR 7.202(6). Morris filed this appeal from the amended judgment of sentence issued on resentencing, which qualifies as a "final order" under MCR 7.202(6)(b)(*iii*) (in a criminal case, a final order includes "a sentence imposed following the granting of a motion for resentencing"). "An appeal from resentencing is limited to the resentencing proceeding." *People v Gauntlett*, 152 Mich App 397, 400; 394 NW2d 437 (1986). Accordingly, Morris's issue challenging his original convictions is not reviewable in this appeal.

## IV. RESTITUTION

Finally, Morris argues that there is no evidence supporting the court's order that he pay $5,000 in restitution. The prosecution has the burden of proving the amount of restitution by a preponderance of the evidence. *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012). In determining the amount of restitution, "[a] judge is entitled to rely on the information in the presentence report, which is presumed to be accurate unless the defendant effectively challenges the accuracy of the factual information." *People v Grant*, 455 Mich 221, 233-234; 565 NW2d 389 (1997). At the original sentencing proceeding, the subject of restitution was raised by the prosecutor, who stated:

> [T]here was a request for restitution for five thousand dollars for burial expenses[.] I didn't want to make that part of the record[.] I've instructed [the victim's] mother to submit those documents to the probation department to order restitution through the Michigan Department of Corrections for the amount of five thousand dollars.

The trial court stated that "each defendant has to pay restitution once that is determined[.]" Morris did not request an evidentiary hearing on the issue or otherwise comment on the matter.

Before Morris's 2016 resentencing, the trial court granted Morris's request for an updated presentence report. In the updated report, the probation department recommended that "restitution be set at $5,000 to be paid to the mother of the victim . . . Restitution should be paid jointly and severely with co-defendants . . . ." At the outset of the resentencing proceeding, Morris's lawyer stated that he had reviewed the updated presentence report. Although Morris's lawyer challenged the accuracy of some of the information in the report, there was no objection to the amount of restitution. Subsequently, the trial court ordered Morris to pay $5,000 in restitution to the victim's mother. When the trial court proceeded to discuss Morris's right to appeal, the following exchange occurred:

> *The court*: Anything else?
>
> *Morris's lawyer*: Yes, your Honor with respect to the restitution I would *just* ask the Court to note that it is to be joint and several with the other two co-defendant's [sic].
>
> *The prosecutor*: No objection to that, your Honor.
>
> *The court*: Very well that motion is granted.
>
> *Morris's lawyer*: Thank you. [Emphasis added.]

Given this record, there is no basis for challenging the amount of restitution. Because Morris did not challenge the accuracy of the restitution amount specified in the updated presentence report, the trial court was entitled to rely on that amount. Furthermore, after the trial court announced the amount of restitution, Morris's lawyer acquiesced, only requesting that the amount be made joint and several with the codefendants. "A defendant should not be allowed to assign error on appeal to something his own counsel deemed proper at trial. To do so would allow a defendant to harbor error as an appellate parachute." *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998) (citation omitted). By acquiescing to the accuracy of the amount of restitution specified in the presentence report and ordered by the trial court, Morris waived his right to challenge the amount of restitution. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Morris's waiver extinguishes any error. *Id*.

Affirmed.

/s/ Jane M. Beckering
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

-4-