PEOPLE v GREEN

Docket No. 156787. Submitted February 9, 1994, at Grand Rapids. Decided May 16, 1994, at 10:05 A.M.

Donte Green pleaded guilty in the Berrien Circuit Court, John T. Hammond, J., of delivering less than fifty grams of cocaine. The court, under the mistaken belief that enhancement of the one- to twenty-year sentence mandated by statute was mandatory because the conviction was the defendant's second under the controlled substances act, sentenced the defendant to three to forty years' imprisonment. The defendant appealed.

The Court of Appeals *held:*

1. As a second-offender of the controlled substances act, the defendant was subject to an enhanced sentence pursuant to MCL 333.7413(2); MSA 14.15(7413)(2). However, pursuant to the statute, enhancement was discretionary, not mandatory.

2. The trial court's failure to exercise its discretion because of a mistaken belief in the law entitles the defendant to be resentenced on remand.

3. The three- to forty-year sentence is proportional to the offense and the offender.

Remanded.

SENTENCES — CONTROLLED SUBSTANCES — REPEAT OFFENDERS — ENHANCED SENTENCES.

A defendant who is convicted of a second violation of the controlled substances act may be sentenced to a term of imprisonment twice the term otherwise authorized by law, but the enhancement of the sentence is discretionary, not mandatory; a defendant sentenced to an enhanced sentence as a result of the sentencing court's belief that such enhancement is mandatory is entitled to resentencing (MCL 333.7413[2]; MSA 14.15[7413] [2]).

REFERENCES

Am Jur 2d, Criminal Law § 539; Drugs, Narcotics, and Poisons §§ 27.20, 48; Habitual Criminals and Subsequent Offenders §§ 2, 6, 14, 30.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *Mary Malesky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kristina Larson Dunne* and *Jennifer A. Pilette*), for the defendant on appeal.

Before: NEFF, P.J., and MURPHY and M. R. STEMPIEN,* JJ.

MURPHY, J. Defendant pleaded guilty of delivering less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2) (a)(iv), which was his second conviction under the controlled substances act, MCL 333.7413(2); MSA 14.15(7413) (2). The trial court imposed a sentence of three to forty years' imprisonment. Defendant appeals as of right arguing that he is entitled to resentencing because the trial court mistakenly believed that an enhanced sentence under MCL 333.7413(2); MSA 14.15(7413)(2) was mandatory rather than discretionary. We remand for resentencing.

This case arose when defendant sold cocaine to a police informant in June 1992. At the time of this offense, defendant was on probation for a prior conviction of attempted delivery of cocaine.

The arraignment was held on July 14, 1992, and defendant pleaded guilty. Before accepting the plea, the trial court advised defendant:

> In your case the charge is delivery less than 50 grams of a mixture containing cocaine as a second offense. *That carries not less than 2 nor more than 40 years in state prison.* The actual minimum within those limits would be set by the Court, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there's a possibility of a fine in addition. Do you understand the charge? [Emphasis added.]

Defendant then indicated that he understood the charge.

At the sentencing hearing, the trial court first sentenced defendant to two to five years' imprisonment for violating probation. For the delivery of cocaine conviction, the sentencing guidelines recommended a range of two to eight years. Defense counsel asked the trial court to impose a two- to forty-year sentence for the delivery conviction. Defense counsel stated that this request was based on the belief that the sentence "has to be a mandatory 2-year to 40-year prison sentence." The trial court then imposed a consecutive sentence of three to forty years for the delivery convction.

A conviction of delivery of less than fifty grams of cocaine is punishable by imprisonment "for not less than 1 year nor more than 20 years, . . . or . . . probation for life." MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). As a second-offender of the controlled substances act, defendant was subject to an enhanced sentence pursuant to MCL 333.7413(2); MSA 14.15(7413)(2), which provides:

> Except as otherwise provided in subsections (1) and (3), *an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized* or fined an amount not more than twice that otherwise authorized, or both. [Emphasis added.]

Section 7413 does not create a new offense. It merely authorizes the trial court to enhance a sentence otherwise authorized under the controlled substances act. *People v Eason,* 435 Mich

228, 246; 458 NW2d 17 (1990); *People v Nolan,* 203 Mich App 628; 513 NW2d 237 (1994).

Defendant asserts that the trial court had the mistaken impression that § 7413(2) mandated an enhancement of the one- to twenty-year sentence to a two- to forty-year sentence. Defendant argues that this belief was erroneous because the enhancement was discretionary, not mandatory. We agree.

Subsection 2 of § 7413 employs the term "may." Because "may" is a permissive term, we construe enhancement under subsection 2 as being discretionary rather than mandatory. Cf. *People v Bewersdorf,* 438 Mich 55, 66; 475 NW2d 231 (1991) (holding that use of the permissive language "may" in the habitual offender statute means that the court is not obliged to impose an enhanced punishment).

Nonetheless, this Court in *People v Scott,* 197 Mich App 28, 30; 494 NW2d 765 (1992), indicated through dictum that enhancement under § 7413(2) was mandatory. In *Scott,* the defendant pleaded guilty of delivering less than fifty grams of cocaine, which constituted the defendant's second offense under the controlled substances act. On appeal, the defendant argued that his sentence violated the principle of proportionality because it was greater than the mandatory minimum sentence. This Court determined the mandatory minimum sentence by stating:

> The Legislature has decided to punish repeat drug offenders by doubling the minimum sentence otherwise authorized. MCL 333.7413(2); MSA 14.15(7413)(2). In this case, the mandatory minimum sentence is 2 to 40 years in prison for second-offenders. [*Id.*]

This statement incorrectly suggests that an en-

hancement of punishment against a second-offender under § 7413(2) is mandatory. However, the question whether enhancement is mandatory or discretionary was neither considered nor essential to the determination of *Scott.* Therefore, this statement is dictum and it does not establish a rule of law concerning enhancement that is binding precedent. *People v Doyle,* 203 Mich App 294, 297; 512 NW2d 59 (1994); *People v Cooke,* 194 Mich App 534, 538; 487 NW2d 497 (1992).

In this case, the trial court's comments at the arraignment indicated that it mistakenly believed an enhanced sentence under § 7413(2) was mandatory rather than discretionary. This mistaken belief was repeated by defense counsel at sentencing. Prior panels of this Court have held that a defendant is entitled to resentencing where a sentencing court fails to exercise its discretion because of a mistaken belief in the law. *People v Ash,* 128 Mich App 265, 269; 340 NW2d 646 (1983); *People v Daniels,* 69 Mich App 345, 350; 244 NW2d 472 (1976); *People v Mauch,* 23 Mich App 723, 730; 179 NW2d 184 (1970). See also *People v Whalen,* 412 Mich 166, 169-170; 312 NW2d 638 (1981)(stating that a sentence is invalid where a sentencing court fails to exercise its discretion because it is laboring under a misconception of the law). This rule applies to this case.

The prosecution contends that even if the trial court mistakenly believed that the mandatory minimum sentence was two years instead of one year, such a belief did not affect the court's sentencing decision because the court had decided to exceed the mandatory minimum sentence by imposing a three-year minimum sentence. This argument suggests that the trial court would have exceeded a mandatory minimum sentence of one

year in the same way it exceeded the enhanced mandatory minimum sentence of two years. We are unable to accept the assertion that the trial court's mistaken belief did not affect the sentence. Indeed, it is impossible to determine whether the trial court decided to enhance the sentence solely because of a mistaken belief that enhancement was mandatory. Further, we cannot tell whether the trial court would have exceeded the one-year mandatory minimum sentence in the same manner it exceeded the enhanced two-year mandatory minimum sentence.

Because the trial court indicated that it mistakenly believed enhancement was mandatory, not discretionary, we remand this case to the trial court for resentencing. See *People v Turski,* 436 Mich 878; 461 NW2d 366 (1990). In addition, we reject defendant's argument that the three- to forty-year sentence violates the principle of proportionality under *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990).

We remand for resentencing in accordance with this opinion. We do not retain jurisdiction.