# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDY REDD SPARKS,

        Defendant-Appellant.

UNPUBLISHED
June 21, 2018

No.  337148
Ionia Circuit Court
LC No.  2016-016777-FH

Before:  MURRAY, C.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of assaulting and resisting an officer in violation of MCL 750.81d(1) and public intoxication and disorderly conduct in violation of MCL 750.167(1)(e).  The trial court sentenced defendant as a fourth-offense habitual offender under MCL 769.12 to concurrent terms of 36 months to 15 years' imprisonment for assaulting and resisting an officer and 90 days in jail for being drunk and disorderly.  Defendant appeals of right, and we affirm.

On May 11, 2016, Kyle Cashen noticed a man wandering around on the road.  The man reportedly was staggering, yelling, and talking to himself.  When Cashen later drove by the area, he saw the man lying "half in the road and half kind of in the ditch" and had to drive around the man to avoid hitting him.  Cashen called the police.

Michigan State Trooper Bradley Campbell responded and found defendant intoxicated and lying in the grassy shoulder of the roadway with his feet close to the road.  The roadway had a hill that obscured defendant's position, and Campbell opined that defendant could have been hit by a car coming over the hill.  When Campbell confronted defendant, defendant became agitated and told him that he intended to fight.

Defendant became increasingly more agitated, jumped up, and started to walk away, which led to Campbell attempting to restrain him.  Campbell ultimately subdued defendant but not without a struggle.  Defendant refused to obey Campbell's orders, struggled, and kicked him.  When backup officers arrived, they tried to walk defendant to the sheriff deputy's patrol car, but defendant still resisted and refused to cooperate.  While being seated in the back of the patrol car, defendant kicked Campbell again.

-1-

After the parties concluded their cases at trial, the trial court gave the jury its instructions and stated in relevant part as follows:

> To prove this charge [of obstructing a police officer,] the prosecution must prove each of the following elements beyond a reasonable doubt. First, that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, endangered a police officer. Obstruct includes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command. The defendant must have actually resisted by what he said or did, but physical violence is not necessary. Second, that the defendant knew or had reason to know that the person the defendant assaulted, battered, wounded, resisted, obstructed, opposed, endangered was a police officer performing his duties at the time.

> * * *

> A verdict in a criminal case must be unanimous. In order to return a verdict it is necessary that each of you agrees on that verdict.

> * * *

> The defendant here is charged with two counts, that is, with the crimes of assaulting, resisting, or obstructing a police officer and disorderly person-drunk. These are separate crimes, and the prosecutor is charging the defendant committed both of them. You must consider each crime separately in light of all the evidence in the case. You may find the defendant guilty of all or any combination of these crimes or not guilty.

After instructing the jury, the trial court asked if the prosecution or defendant had any objections to the instructions. Defense counsel responded that defendant had none. The trial court sent the jury to deliberate and asked the parties if they had any other issues. Defense counsel responded, "No. Thank you." The jury deliberated and returned a verdict finding defendant guilty as charged.

At defendant's sentencing hearing, the trial court opined that it found that the Michigan Department of Corrections' recommendation—that defendant be sentenced to a term of 46 months to 15 years'—was "warranted" because defendant was 38 years old and had eight prior felonies and 29 misdemeanors, many of which resulted in terms of probation that defendant failed to complete. The trial court opined that it considered the matter to be serious because defendant was a habitual offender but chose to not impose "the maximum sentence" and instead imposed a sentence of 36 months to the statutory maximum of 15 years.

Defendant appealed and moved in this Court for remand of his case to the trial court solely for reconsideration of the maximum sentence imposed for assaulting and resisting an officer. This Court granted defendant's motion and remanded the case so that defendant could

move for resentencing and ordered the trial court to consider defendant's motion and resentence him if appropriate.[1]  On remand, defendant moved for resentencing for his conviction for resisting and obstructing an officer on the ground that the trial court failed to recognize that, in sentencing defendant as a fourth-offense habitual offender, it had discretion to sentence him to less than the maximum term of 15 years' imprisonment.  Defendant asserted that one could infer from the trial court's remarks at sentencing that the trial court did not know that it had discretion regarding the maximum sentence.

At the hearing on defendant's motion, the trial court explained that it knew what it was saying at defendant's sentencing.  The trial court explained its reasons for the sentence it imposed and clarified that it chose to impose the statutory maximum because defendant, at the age of 38 years old had eight prior felonies and 29 misdemeanors, had been in and out of jail repeatedly, and failed to complete parole a number of times.  Therefore, the trial court denied defendant's motion for resentencing.

## I. JURY INSTRUCTION—UNANIMITY

Defendant first argues that the trial court erred by not giving a special unanimity instruction to the jury with respect to whether defendant committed the crime of resisting or obstructing an officer.  We disagree.

The Court of Appeals has consistently held that an affirmative statement that there are no objections to the jury instructions constitutes express approval of the instructions, thereby waiving review of any error on appeal.  *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011), citing *People v Chapo*, 283 Mich App 360, 372-373; 770 NW2d 68 (2009); *People v Matuszak*, 263 Mich App 42, 57; 687 NW2d 342 (2004); *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002).  Accordingly, by expressing satisfaction with the jury instructions here, "defendant waived any objection to the erroneous instructions, and there is no error to review." *Id*. at 504.  Even absent a waiver, we would review unpreserved issues for plain error affecting defendant's substantial rights.  *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).  To establish a plain error affecting his substantial rights, defendant must establish that (1) an error occurred, (2) the error was plain, and (3) the plain error affected his substantial rights, meaning that "the error affected the outcome of the lower court proceedings." *Id*. at 763.

Criminal defendants have the right to have the jury properly instructed before it considers the evidence.  *People v Quinn*, 305 Mich App 484, 493; 853 NW2d 383 (2014).  In *People v Chelmicki*, 305 Mich App 58, 67-68; 850 NW2d 612 (2014), this Court explained:

> Michigan law provides criminal defendants the right to a unanimous jury verdict.  MCR 6.410(B).  "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275

---

[1]  See *People v Sparks*, unpublished order of the Court of Appeals, entered August 16, 2017 (Docket No. 337148).

-3-

(1994). Often, the trial court fulfills that duty by providing the jury with a general instruction on unanimity. *Id.* at 512. However, a specific unanimity instruction may be required in cases in which "more than one act is presented as evidence of the actus reus of a single criminal offense" and each act is established through materially distinguishable evidence that would lead to juror confusion. *Id.* at 512-513.

However, "[w]hen a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *Chelmicki*, 305 Mich App at 68, quoting *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991).

Here, the prosecution charged and tried defendant for a single continuous violation of MCL 750.81d(1), which contains "alternative means of committing" the offense. The prosecution did not allege alternative acts that could have constituted resisting or obstructing in this case. Accordingly, the trial court did not err by not providing the jury with a special unanimity instruction.[2]

In a related issue, defendant contends that defense counsel provided ineffective assistance by not objecting to the jury instructions and by not requesting a special unanimity instruction. We disagree. To succeed on a claim of ineffective assistance, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted).

As already explained, a special unanimity instruction was not needed. Accordingly, an objection lodged by defense counsel would have been futile, and counsel does not render ineffective assistance by failing to raise meritless objections. See *People v Putnam*, 309 Mich App 240 245; 870 NW2d 593 (2015). Moreover, assuming counsel's performance was deficient, defendant cannot show that there is a reasonable probability that the outcome would have been different had the special unanimity instruction been given. For instance, the evidence was uncontested that defendant violated MCL 750.81d(1) when, *inter alia*, he kicked Campbell. As such, there is no principled reason to think that the jury would have deviated from its prior guilty verdict had it been supplied with a special unanimity instruction.

## II. JURY INSTRUCTION—MISSING ELEMENT

Defendant also argues that the trial court failed to properly instruct the jury regarding all of the elements related to the resisting and obstructing offense. Defendant argues that, in order

---

[2] To be clear, the trial court did instruct the jury that its verdict had to be unanimous. It simply did not provide the special unanimity instruction described in *Chelmicki*.

to be found guilty, the prosecution was required to prove, as an element of the offense, that Trooper Campbell's actions were lawful and that defendant had a right to defend himself against an unlawful arrest. However, because defense counsel expressed satisfaction with the jury instructions, this issue is waived. See *Kowalski*, 489 Mich at 505. Again, assuming the issue was not waived, our review would be for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

Defendant had the right to have the jury properly instructed regarding the elements of the offense of resisting and obstructing an officer. *Quinn*, 305 Mich App at 493. In *People v Moreno*, 491 Mich 38, 57-58; 814 NW2d 624 (2012), the Michigan Supreme Court held that a person has a right to resist an unlawful arrest for purposes of MCL 750.81d. This Court held in *Quinn*, 305 Mich App at 492, that "it is clear that under *Moreno*, as at common law, the prosecution must establish that the officers acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d." In *People v Vandenberg*, 307 Mich App 57, 69; 859 NW2d 229 (2014), this Court reflected upon MCL 750.81d and the rulings in *Moreno* and *Quinn* and stated:

> To convict defendant for resisting and obstructing a police officer, the prosecution was required to show that: (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. In addition, the prosecution must establish that the officers' actions were lawful. In other words, pursuant to *Moreno*, the lawfulness of the arrest was an element of the offense, and it presented a factual question for the jury.

> For an arrest to be lawful, the police officer making the arrest must have probable cause, either that a felony or misdemeanor was committed by the individual in the officer's presence, or that a felony or specified misdemeanor (i.e., a misdemeanor punishable by imprisonment for more than 92 days) occurred outside the officer's presence and that the individual in question committed the offense. An arrest is legal if an officer has reasonable cause to believe that a crime was committed by the defendant. Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. [Quotation marks, citations, and parentheses omitted.]

This Court specifically noted that the lawfulness of an officer's arrest is an element of the offense of resisting or obstructing a police officer, as to which the jury must be instructed. *Id.* at 69 n 3. Thus, under *Vandenberg*, *Quinn*, and *Moreno*, the trial court should have instructed the jury to consider and decide the element of the lawfulness of defendant's arrest. The trial court plainly failed to do so.

"An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v Kibbe*, 431 US 145, 155; 97 S Ct 1730; 52 L Ed 2d 203

(1977). In *Kowalski*, 489 Mich at 501-502, the Michigan Supreme Court explained that even though the trial court had omitted instructing the jury on an element of the charged offense:

> Instructional errors that omit an element of an offense, or otherwise misinform the jury of an offense's elements, do not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. Accordingly, an imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights. [Quotation marks, citations, and emphasis omitted.]

Despite the existence of an obvious plain error by the trial court, the Michigan Supreme Court considered whether the plain error seriously affected the defendant's substantial rights:

> We have previously held that jury instructions that were somewhat deficient may nonetheless, when viewed as a whole, have sufficed to protect a defendant's rights when the jury would have convicted the defendant on the basis of the evidence regardless of the instructional error. If the evidence related to the missing element was overwhelming and uncontested, it cannot be said that the error affected the defendant's substantial rights or otherwise undermined the outcome of the proceedings. [*Id*. at 506 (citations omitted).]

Here, overwhelming and generally uncontested evidence established that Campbell lawfully arrested defendant for his conduct and defendant had no right to resist arrest. Defendant asserted two theories of defense: (1) that he had been too intoxicated to commit the offense, and (2) that he never assaulted, resisted, or obstructed an officer. The jury rejected those defenses. Although defendant attempted to blame the arresting officer for escalating the incident and mentioned that a person had the right to resist an unlawful command, defendant did not argue that the officer unlawfully arrested him. Nothing in the record supports defendant's contention on appeal that he merely resisted an unlawful arrest. We therefore conclude that defendant has failed to establish that the trial court's plain error affected the outcome of the trial. Accordingly, as in *Kowalski*, because defendant cannot establish that any error was outcome determinative, he is not entitled to any relief.

Defendant also contends that defense counsel provided ineffective assistance for not requesting an appropriate instruction or objecting to the incomplete instruction. We review this unpreserved issue for mistakes apparent on the record. *Putnam*, 309 Mich at 246, 247.

As explained above, the trial court plainly erred. It should have instructed the jury that the lawfulness of the arrest was an element of the offense and an issue of fact for the jury's decision. The record indicates that defense counsel failed to properly object to the instruction's incompleteness and failed to request correction of the instruction to include the lawful arrest element of the charged offense. Defense counsel should have done so, and therefore, his performance fell below an objective standard of reasonableness.

Nevertheless, defendant cannot establish that he suffered the requisite prejudice. See *Trakhtenberg*, 493 Mich at 51 (stating that a defendant must be able to prove that "but for counsel's deficient performance, there is a reasonable probability that the outcome would have

been different."). The evidence overwhelmingly established beyond reasonable doubt that defendant committed the charged offense. Had the jury been instructed to consider and determine whether Campbell lawfully arrested defendant, there is not a reasonable probability that the jury would have decided the case any differently. Our review of the record reveals that there is no evidence to support a finding that Campbell acted unlawfully when he arrested defendant. Accordingly, defendant cannot prevail on his claim of ineffective assistance.

### III. DISCRETION REGARDING MAXIMUM SENTENCE

Defendant also argues that the trial court erred by not understanding that it could exercise its discretion under MCL 769.12(1)(b) when imposing a maximum sentence upon defendant as a fourth-degree habitual offender. We disagree.

A sentence is invalid if the trial court failed to exercise its discretion because of a misconception of the law. *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981); see also *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997). Indeed, when a trial court fails to exercise discretion at sentencing because of an erroneous belief that it had no such authority, the case must be remanded for resentencing. *People v Green*, 205 Mich App 342, 346; 517 NW2d 782 (1994).

Under Michigan's habitual-offender sentencing statute, someone subsequently convicted of a felony following conviction of three or more felonies can be subject to enhanced sentencing. MCL 769.12(1). MCL 769.12(1)(c) provides that "[i]f the subsequent felony is punishable upon a first conviction by imprisonment for a maximum that is less than 5 years, the court, except as otherwise provided in this section or [MCL 771.1], may sentence the person to imprisonment for a maximum term of *not more than 15 years*." (Emphasis added.) Additionally, MCL 769.12(2) explains that the trial court shall determine *both* the minimum and maximum terms and that the maximum term shall not be less than the maximum term for a first conviction.

Defendant was convicted under MCL 750.81d(1), which has a two-year maximum sentence for first offenses. Therefore, under MCL 769.12, the trial court had the discretion to impose a maximum term that fell within the range of 2-15 years.

When the trial court stated at the original sentencing that it was imposing a minimum sentence of three years and a "statutory maximum" sentence of 15 years, it was not clear if the court thought it was bound by statute in imposing that 15-year maximum sentence. However, after defendant filed his brief on appeal with this Court, this Court remanded the case back to the trial court to consider defendant's motion for resentencing based on the trial court potentially not being aware of its discretion to fashion a maximum sentence. At that hearing, the trial court apologized if it had provided a false impression at the original sentencing, but it stressed that it indeed had understood at the time that it had the discretion to select the maximum term of imprisonment, up to 15 years. Consequently, with the trial court's knowledge of its discretion established with absolute certainty, the basis for defendant's request for resentencing has evaporated, and we decline to remand again.

## IV. STANDARD 4 BRIEF

In his Standard 4 brief, defendant argues that there is a note on page 7 of his presentence investigation report (PSIR) that needs to be removed because it is factually incorrect. Because the issue was not raised at sentencing, the issue is unpreserved, *People v Sharp*, 192 Mich App 501, 504; 481 NW2d 773 (1992), citing MCL 771.14(5) (which is now MCL 771.14(6)), and our review is for plain error affecting defendant's substantial rights, *Carines*, 460 Mich at 763-764. For the following reasons, we are unable to provide defendant any relief. First, defendant has failed to provide a copy of this PSIR to this Court for review. Second, there is nothing in the lower court record to indicate that the note defendant has identified is, in fact, incorrect. Indeed, at sentencing, defense counsel stated that he had reviewed the PSIR with defendant and that they had found a paragraph on page 1 that was not applicable to defendant. The prosecution did not object, and the trial court agreed to strike that paragraph. Other than that single paragraph, defense counsel stated that there were "[n]o other corrections or changes" that needed to be made. Accordingly, defendant has failed to prove that the note in question is clearly or obviously incorrect.

Affirmed.

/s/ Christopher M. Murray
/s/ Jane E. Markey
/s/ Jonathan Tukel