*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 11, 2020

v

BERNARD LAMOUNT WILKERSON,

        Defendant-Appellant.

No. 346704
Wayne Circuit Court
LC No. 15-010666-06-FH

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Defendant, Bernard Lamount Wilkerson, appeals his sentence for violating his probation conditions which stemmed from his earlier guilty plea convictions of conspiracy to commit unlawful driving away of an automobile (UDAA), MCL 750.413 and MCL 750.157A, and conspiracy to commit receiving and concealing a stolen motor vehicle (RCSP), MCL 750.535(7) and MCL 750.157A. Wilkerson was sentenced to 30 months to 60 months' imprisonment for both convictions. On appeal, Wilkerson argues that the trial court abused its discretion by imposing an unreasonable sentence outside the guidelines range. We affirm.

## I. STATEMENT OF FACTS

This case initially arose out of an attempted theft of several motor vehicles. Wilkerson and other individuals were transported to a Ford Motor Company plant. In exchange for financial reimbursement from another individual, Wilkerson planned to drive several Ford F-150 model trucks that were stored at the plant to a secondary location, at which point the trucks were to be sold. Before any trucks were stolen, Wilkerson and the others were intercepted by law enforcement. Wilkerson pleaded guilty to one count of UDAA and one count of RCSP. Under the sentencing guidelines, Wilkerson was subject to a recommended minimum sentence of 5 months to 23 months' imprisonment, which is in a straddle cell. The trial court sentenced Wilkerson to probation for a period of two years, with the first six months to be served in the Wayne County Jail.

Following Wilkerson's release from jail, the trial court issued a bench warrant for his arrest, alleging that he had violated his probation by failing to report and by failing to make payments.

-1-

Wilkerson pleaded guilty to both violations. The trial court extended Wilkerson's probation and sentenced him to 120 to 180 days to be served in the Wayne County Residential Alternative to Prison (WRAP) Program, a jail-based program that provides vocational and cognitive services. Later, Wilkerson assaulted another WRAP participant, who Wilkerson alleged had previously shot him, and he was terminated from the WRAP Program. The trial court issued another bench warrant, this time alleging that Wilkerson had violated his probation by engaging in new criminal activity when he assaulted another WRAP participant and for being terminated from the WRAP Program. Wilkerson pleaded guilty to the violation, the trial court revoked his probation and sentenced him to 30 months to 60 months' imprisonment. This appeal followed.

## II. DISCUSSION

Wilkerson argues on appeal that the trial court abused its discretion by imposing an out-of-guidelines sentence. Wilkerson specifically alleges that the trial court did not sufficiently justify its reasons for exceeding the guidelines, and that the trial court's erroneous belief that it did not have to consider the guidelines for a probation violation rendered the sentence invalid. We disagree.

An out-of-guidelines sentence is reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion occurs when the trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence imposed[.]" *Id.* at 476. Furthermore, an abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). "The trial court's fact-finding at sentencing is reviewed for clear error." *People v Lampe*, 327 Mich App 104, 125-26; 933 NW2d 314 (2019).

When evaluating the reasonableness of departure sentences, this Court is required to determine whether the trial court violated "the principle of proportionality," which necessitates that sentences "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460 (quotation marks and citation omitted). To determine whether a departing sentence is proportionate, the trial court may consider a number of factors, including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Lampe*, 327 Mich App at 126, quoting *People v Walden*, 319 Mich App 344, 330; 901 NW2d 142 (2017) (citation omitted).]

"[T]he sentencing court may exercise its discretion to depart from that guidelines range without articulating substantial and compelling reasons for doing so." *Lockridge*, 498 Mich at 392. Nevertheless, a trial court must consider the sentencing guidelines at sentencing, and "a trial court must justify the [out-of-guidelines] sentence imposed in order to facilitate appellate review,

-2-

which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (quotation marks and citations omitted).

Before imposing Wilkerson's sentence, the trial court explicitly scored the guidelines minimum sentence range at 5 months to 23 months' imprisonment, which is in a straddle cell, for Wilkerson's convictions. The trial court plainly acknowledged that it was imposing a sentence above the guidelines. The trial court subsequently identified several reasons for the departure sentence: (1) Wilkerson's multiple violations of probation since the convictions for UDAA and RCSP; (2) the intention behind Wilkerson's participation in the WRAP Program as a prison alternative; and (3) Wilkerson's assaultive conduct toward another WRAP participant.

As a preliminary matter, our Supreme Court has noted that "it is perfectly acceptable to consider postprobation factors in determining whether substantial and compelling reasons exist to warrant an upward departure from the legislative sentencing guidelines." *People v Hendrick*, 472 Mich 555, 562-563; 697 NW2d 511 (2005). Although *Lockridge* struck down the requirement that a departure from the sentencing guidelines must be made for "substantial and compelling" reasons, postprobation factors may be considered in evaluating the reasonableness of a sentence. *Lockridge*, 498 Mich at 364-365; *Hendrick*, 472 Mich at 562-563. Therefore, the trial court properly considered Wilkerson's probation violations and his assault of another WRAP participant in justifying the imposition of a departure sentence.

Furthermore, consideration of the factors delineated in *Walden* suggests that the departing sentence is proportionate. See *Walden*, 319 Mich App at 352-353. Wilkerson's original convictions for UDAA and RCSP did not involve physical violence or the infliction of physical injury, thus Wilkerson's assaultive conduct while he was on probation was arguably a more serious offense. For similar reasons, because Wilkerson was in custody when he assaulted the other WRAP participant, it could not have been reflected in the initial scoring of the guidelines that occurred two years prior. The trial court additionally stated its consideration of the disconnect between Wilkerson's repeated expressions of remorse with his subsequent criminal activity, and implied that Wilkerson's history of criminal activity and termination from the WRAP Program suggested his unwillingness to actively engage in rehabilitation efforts.

Although Wilkerson argues that the sentence was disproportionate because the trial court failed to consider mitigating factors, the trial court demonstrated that it reflected on the information submitted by Wilkerson, including the circumstances concerning Wilkerson's assault of another WRAP participant, Wilkerson's efforts to support his three children, and his assertions that he recognized and desired the benefits of the vocational and cognitive aspects of the WRAP Program. See *Lampe*, 327 Mich App at 131. The trial court considered the mitigating factors in this case, and nevertheless chose to impose a departure sentence after evaluating the totality of the circumstances. Wilkerson's sentence was only seven months above the high end of the applicable guidelines range, which is a modest increase in the length of incarceration. See *Walden*, 319 Mich App at 353 (finding a sentence 13 months above the guidelines to be a modest deviation not constituting an abuse of discretion). Taken together, we conclude that the trial court's sentence did not violate the principle of proportionality. See *Dixon-Bey*, 321 Mich App at 520-521.

Next, Wilkerson argues that the out-of-guidelines sentence is invalid because the trial court operated under a misconception regarding the application of the sentencing guidelines to probation violations. We disagree.

"[A] defendant is entitled to resentencing where a sentencing court fails to exercise its discretion because of a mistaken belief in the law." *People v Green*, 205 Mich App 342, 346; 517 NW2d 782 (1994); see also *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981).

On appeal, Wilkerson highlights a statement made by the trial court before imposing its sentence:

> So I am going to revoke probation and the guidelines are advisory and not mandatory. They're a starting point and, furthermore, they don't apply to probation violations so I'm going to sentence you above the guidelines to serve a minimum of thirty months to a maximum of sixty months in the [MDOC] . . . .

Wilkerson correctly notes that "[t]he legislative sentencing guidelines apply to sentences imposed after probation revocation." *Hendrick*, 472 Mich at 565. However, the record does not indicate that the trial court failed to exercise its discretion because of this misconception, or otherwise operated on the basis of this erroneous belief. See *Green*, 205 Mich App at 347 (holding that a defendant was entitled to remand for resentencing when it was "impossible to determine whether the trial court decided to enhance the sentence solely because of a mistaken belief that enhancement was mandatory."). The trial court noted that the guidelines were "advisory" and "a starting point." As stated previously, the trial court noted the guidelines minimum sentence range during its deliberation on sentencing, and the court put forth reasons justifying its departure that clarified why such an increase was nevertheless proportionate. The record thus demonstrates that the trial court decided to enhance the sentence not due to a mistaken belief that the guidelines were inapplicable to sentences imposed after revoking probation, but rather because of Wilkerson's violation of the terms of his probation, his termination from the WRAP Program, and his assaultive conduct.

A sentence is not invalid solely because of the *presence* of a statement evidencing a misconception of law by the trial court. Rather, a sentence is invalid when it is "based upon . . . a misconception of law[,]" *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997); or, alternatively stated, "where a sentencing court *fails to exercise its discretion* because of a mistaken belief in the law," *Green*, 205 Mich App at 346 (emphasis added). The trial court exercised its discretion to impose a sentence outside the guidelines, while nonetheless incorporating consideration of the guidelines as part of its analysis. Therefore, the trial court acted within its discretion when it considered the minimum sentence range recommended by the guidelines, in conjunction with the circumstances of Wilkerson's probation violations, and decided to impose a reasonable sentence.

Affirmed.

/s/ Christopher M. Murray
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron

-4-