*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 3, 2020

Plaintiff-Appellee,

v

No. 348246
Allegan Circuit Court
LC No. 17-021047-FH

JONI MARIE KUIECK,

Defendant-Appellant.

Before: SHAPIRO, P.J., and SERVITTO and LETICA, JJ.

SHAPIRO, P.J. (*concurring in part, dissenting in part*).

I agree that defendant's conviction should be affirmed. I also agree that the scoring of OV 19 was not error. Unlike the majority, however, I would remand for resentencing for two reasons. First, the trial court erroneously considered a discharge pursuant to MCL 333.7411 to constitute a prior conviction under MCL 333.7413(4). Second, the trial court failed to provide adequate reasons to exercise its discretion to double defendant's sentence pursuant to MCL 333.7413(4).

In imposing the doubled sentence, the court explained its reasoning as follows:

[I]n looking at your criminal history, you have a possession of methamphetamine in 2010, possession on probation for 12 months, I would be surprised if you weren't offered programming then.

There was another possession of methamphetamine in 2015. You were on probation there. I wouldn't be surprised if you were offered some type of programming then.

So, we are—your third conviction, the one conviction was a 74-11.[1] This is your third contact with the criminal justice system in regards to a delivery

---

[1] MCL 333.7411.

-1-

manufacture of methamphetamine, in addition you have another possession of methamphetamine trial coming up in October.

You have a significant problem with methamphetamine. The Court believes that in addition to using, that you also deliver. And the testimony at the jury trial was clear, there was no doubt in this Court's mind that the jury's decision was correct.

Based on that, I believe incarceration with the department of corrections is appropriate. This was a double drug penalty. The Court believes that the sentencing guidelines should be doubled.

First, I agree with defendant that the trial court should not have considered the 2010 proceedings that resulted in a successful discharge under MCL 333.7411(1). The statute provides that "[d]ischarge and dismissal under this section shall be without adjudication of guilt and, except as otherwise provided by law, is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section 7413." MCL 333.7411(1). Accordingly, the trial court improperly construed the discharge as a prior conviction for purposes of MCL 333.7413.

Further, the court failed to adequately explain the reasons for its discretionary decision to double the defendant's sentence. MCL 333.7413(4) permits a trial court to double the defendant's sentence where there has been a prior drug conviction. However, the statute does not mandate imposition of a doubled sentence; it permits it as a matter of discretion. See *People v Green*, 205 Mich App 342, 345; 517 NW2d 782 (1994). Therefore, when a sentencing judge imposes a doubled sentence, she must make a record setting forth the reasons for doing so. In this way, our review of discretionary sentence doubling should be consistent with our review of discretionary consecutive sentences, as defined in *People v Norfleet*, 317 Mich App 649; 654; 897 NW2d 195 (2016), where we held:

[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes. See *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Accordingly, trial courts imposing one or more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed.

The rationale on which that decision rested is equally applicable to the discretionary doubling of sentences for a second drug conviction. *Norfleet* explained:

In *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990), the Supreme Court held that appellate review of sentences imposed by the trial court must ensure that the sentences imposed comply with the principle of proportionality. *Milbourn* held that the principle of proportionality requires that "sentence[s] . . . imposed by the trial court . . . be proportionate to the seriousness

-2-

of the circumstances surrounding the offense and the offender." *Id*. at 636. A central proposition to the holding of *Milbourn* was that discretionary sentencing decisions are subject to review by the appellate courts to ensure that the exercise of that discretion has not been abused. *Id*. at 662, 664-665.

*   *   *

No case has held . . . that the decision to impose a consecutive sentence rather than a concurrent one is unreviewable. . . .

> In *Babcock*, 469 Mich at 269, the Supreme Court stated that:

> At its core, an abuse of discretion standard acknowledges that there will be circumstances in which there will be no single correct outcome; rather, there will be more than one reasonable and principled outcome. . . . When the trial court selects one of these principled outcomes, the trial court has not abused its discretion and, thus, it is proper for the reviewing court to defer to the trial court's judgment. An abuse of discretion occurs, however, when the trial court chooses an outcome falling outside this principled range of outcomes.

> We find the standard for reviewing a trial court's decision for an abuse of discretion articulated in *Babcock* to be the appropriate vehicle by which to review a sentencing court's discretionary decision to impose consecutive sentences under MCL 333.7401(3). The Supreme Court has referred to the *Babcock* articulation as the "default abuse of discretion standard." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

> Review of a discretionary decision requires that the trial set forth the reasons underlying its decision. See *People v Broden*, 428 Mich 343, 350-351; 408 NW2d 789 (1987) (holding that, in order to aid the appellate review of whether an abuse of discretion has occurred at sentencing, the trial court is required to articulate on the record reasons for imposing a particular sentence). [*Norfleet*, 317 Mich App at 662-665.]

In the instant case, the trial court's explanation for imposing a double sentence was inadequate. In that explanation, the court noted that because defendant had a prior drug conviction, she was eligible for such a sentence. However, that fact goes to whether the defendant may be so sentenced, not whether doing so was proper under the circumstances of the offender and the offense. The judge did note that plaintiff was convicted of delivery, not merely possession, but that is accounted for in the longer base penalty provided by the delivery statute. Similarly, the judge seemed to believe that defendant was previously charged with and convicted of delivery in 2015 when in fact the 2015 charge and conviction were for possession. The court also took into account that defendant had a new charge for possession of methamphetamine pending, but without providing any information regarding that charge and obviously before there was any determination

of defendant's guilt or innocence in that case.[2]  Finally, the court noted that it would be surprised if defendant had not previously been provided with drug treatment but support for that conclusion does not appear in the record.  Even if true, this is not enough to justify doubling defendant's sentence in my view.  Defendant was 55 years old and had never before been sentenced to prison. It is difficult to see why a minimum term of 51 months would have been an inadequate punishment. And the decision to double the maximum term to allow the Department of Corrections to hold her for 40 years rather than 20 seems even more unjustified.[3]

Accordingly, I would remand for resentencing.

/s/ Douglas B. Shapiro

---

[2] According to the Department of Correction's offender tracking information system, the 2018 charge did not result in a conviction.

[3] The PSIR author appears to have believed that the doubling of the maximum term was not discretionary.  The report advised the court that "[t]his felony carries a penalty of fourty [sic] years or $50,000."