*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 17, 2020

Plaintiff-Appellee,

v

No. 348127
Roscommon Circuit Court
LC No. 18-008061-FH

NEIL DOUGLAS EMERY,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted by a jury of delivery of methamphetamine, MCL 333.7401(2)(b)(*i*), and sentenced to serve 12 to 40 years' imprisonment for a second or subsequent drug offense, MCL 333.7413(1). Defendant appeals by right. We affirm.

## I. FACTUAL BACKGROUND

In 2018, a confidential informant (CI) informed officers working with the Strike Team Investigative Narcotics Group (STING) that he could set up a controlled purchase of methamphetamine ("meth") from defendant. On April 13, 2018, the officers provided the CI with controlled "buy money" and attached a device to the CI's chest that would record audio and transmit to nearby officers. The CI's car and person were also searched for any other drugs or money before the operation. Six STING surveillance vehicles observed the transaction, which, unusually, took nearly three hours. After driving to several locations, defendant eventually got into a different car for a few minutes.[1] The CI testified that defendant returned to his car with meth, took a small portion from the package as a "quid pro quo" for setting up the deal, then put it in the center console. After dropping defendant off, STING officers searched the CI's car and recovered the drugs. The drugs were field-tested and found to be positive for meth. The drugs

---

[1] The other car was followed, but its driver was never identified.

-1-

were then sent to the Michigan State Crime Lab, which confirmed that the drugs were positive for meth. Defendant was arrested several weeks later and was convicted of delivery of meth.

At sentencing, the court outlined that the minimum guidelines range was 72 to 120 months without the statutory enhancement for a subsequent drug offense and 144 to 240 months with the enhancement. The trial court sentenced defendant to serve 144 months to 40 years' imprisonment, commenting that defendant had 13 prior felonies, 18 prior misdemeanors, a juvenile record, and had been on bond for a different drug offense when he was convicted of this offense. We granted in part defendant's request to remand, and on remand, the trial court clarified that although it had not expressly stated its awareness that the sentence enhancement was discretionary, it had invoked that discretion on the basis of defendant's extensive prior criminal record and the fact that defendant had been out on bond for another meth charge during the crime.

## II. EVIDENTIARY ISSUES

Defendant argues that the trial court erred by permitting the admission of alleged hearsay evidence from one of the STING officers and by permitting the admission of the Michigan State Crime Lab report through an officer who had not performed the testing or authored the report. Notwithstanding the prosecutor's concession,[2] we disagree that the challenged testimony was hearsay. We agree that defendant's confrontation clause rights were violated, but we are unpersuaded that the report's admission affected the outcome of the proceedings.

## A. STANDARDS OF REVIEW

We review for abuse of discretion a trial court's decision whether to admit evidence, and we review de novo underlying questions of law regarding admissibility. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "A trial court abuses its discretion when it selects an outcome that was not in the range of reasonable and principled outcomes." *People v Roberts*, 292 Mich App 492, 503; 808 NW2d 290 (2011). It is necessarily an abuse of discretion to admit evidence that is legally inadmissible, and underlying legal questions of admissibility are reviewed de novo. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010).

## B. ANALYSIS – HEARSAY

Whether evidence constitutes hearsay is a question of law that we review de novo. See *People v McDaniel*, 469 Mich 409, 412-413; 670 NW2d 659 (2003). "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay evidence is inadmissible unless there is an exception. MRE 802. Defendant argues that the trial court admitted three statements by a STING officer that were inadmissible hearsay.

---

[2] We are not bound by concessions or stipulations of law. *People v Perry*, 317 Mich App 589, 601; 895 NW2d 216 (2016); *Bd of Co Road Comm'rs for Co of Eaton v Schultz*, 205 Mich App 371, 379; 521 NW2d 847 (1994).

One of the statements was an officer's statement that the CI initially stated he could purchase marijuana from defendant and then later stated that he could purchase meth. Although the trial court sustained defendant's prompt objection, it did not immediately tell the jury that it could not consider that statement. During its instructions to the jury, it properly told the jury not to consider any evidence it had excluded or stricken, but then proceeded to opine that "[a]ctually, in this case, I don't think anything was strucken [sic]." Ordinarily, "[j]urors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). However, the trial court's inappropriate and inaccurate commentary undermines that presumption in this matter, so we will treat all three statements as having been admitted.

Summarized, the three statements were that: (1) officers had received tips that defendant was selling narcotics and that the CI could purchase meth from defendant; (2) the CI initially stated that he could purchase marijuana from defendant and then that he could purchase meth; and (3) that the informant contacted the officer and stated that he could purchase meth from defendant. In other words, all three statements generally were to the same effect. Critically, they were all made in the context of explaining the background to why and how the officers decided to set up the controlled purchase. Considering the statements in the context of the prosecutor's questions, they were clearly not offered to prove that defendant *was* selling narcotics. Rather, they were offered to explain why the officers attempted to make a controlled buy from defendant. We have held that "a statement offered to show why police officers acted as they did is not hearsay." *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007). Therefore, the officer's statements were not hearsay.

Furthermore, the theory of the defense was largely that the entire police operation had been haphazard, incompetent, and confused; and the "true drug dealers" had been in the other car that the officers never intercepted. Defense counsel expressly conceded during opening argument that the jury would hear evidence that defendant had been specifically targeted and had been essentially set up by the CI purely for the sake of getting out of his own drug charges. Therefore, even if the above statements had been improperly admitted, it does not appear that they would have negatively affected the defense. Indeed, the fact that the CI "upped the ante" from marijuana to meth could have bolstered the implied defense theory that the operation was an inept setup. If there was any error in the admission of the statements, it was harmless. See *Gursky*, 486 Mich at 619-625.

C. ANALYSIS – CONFRONTATION CLAUSE

Defendant next argues that the circuit court denied his rights under the Confrontation Clause by admitting evidence of a lab report through the testimony of one of the STING officers. We disagree. The prosecutor provided proper notice to defendant of the prosecution's intention to use the report at trial pursuant to MCR 6.202(C)(1), and defendant made no written objection to the report pursuant to MCR 6.202(C)(2). Thus, the report was "admissible in evidence to the same effect as if the person who performed the analysis or examination had personally testified." MCR 6.202(C)(1).

We additionally observe that even if admission of the report had been erroneous, which it was not, defendant suffered no prejudice as a result. Prejudice means that an "error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130

-3-

(1999). Defendant cannot have been surprised by the report, having been provided with a copy of the report and notice that it would be used more than two months before trial. Furthermore, the testifying officer had already explained that he field-tested the substance delivered to the CI and found it positive for meth. Thus, the jury was already aware that the substance had been tested and found to be meth. Furthermore, the theory of the defense was, as noted, that the operation had been inept and the "true drug dealers" had been in the other car. Defendant never seriously challenged the physical nature of the recovered substance, nor would doing so seem relevant to the theory of the defense. Therefore, even if the lab report was not properly admitted, it did not affect the outcome of trial or affect defendant's substantial rights.

## III. SENTENCE ENHANCEMENT

Defendant argues that he is entitled to resentencing because the trial court mistakenly believed that the sentence enhancement was mandatory, rather than discretionary. In the alternative, defendant argues that the trial court abused its discretion by imposing the enhancement without adequate justification. We disagree.

## A. STANDARD OF REVIEW

"[T]he failure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion." *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990). We review the record de novo to determine whether "it is apparent from the record that the trial court was aware that it had" discretion, "and that its decision was based upon an exercise of this discretion." *People v Worden*, 91 Mich App 666, 674; 284 NW2d 159 (1979). We review for abuse of discretion a trial court's decision regarding whether to enhance a defendant's sentence pursuant to an enhancement statute. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

## B. ANALYSIS

This Court has held that resentencing is required where the trial court "mistakenly believed enhancement was mandatory, not discretionary." *People v Green*, 205 Mich App 342, 347; 517 NW2d 782 (1994). MCL 333.7413(1) provides that an individual convicted of a second or subsequent drug offense may be imprisoned for a term that is twice the authorized ordinary term. At trial, the prosecutor introduced evidence of defendant's previous drug conviction and elected to charge defendant as a second drug offender under MCL 333.7413(1). On appeal, defendant filed a motion to remand this case to develop a factual record. We granted the motion in part for the sole purpose of allowing the court to explain its reason for enhancing defendant's sentence pursuant to MCL 333.7413. On remand, the trial court clarified that it had always understood that the enhancement was discretionary, and it had used its discretion to sentence defendant with the enhancement because of defendant's extensive criminal history and pattern of reoffending in the same manner.

Defendant argues that the record contradicts the trial court's assertion, instead showing that the trial court mistakenly believed that the sentence enhancement was mandatory. Defendant notes that the PSIR mistakenly stated that enhancement was mandatory and defense counsel did not request a sentence without the enhancement. However, neither of these circumstances reflects

-4-

whether the trial court itself believed the sentence was discretionary. Defendant also argues that the trial court acknowledged that the guidelines range with the enhancement was "very severe." However, this also does not indicate that the trial court believed that the sentence enhancement was mandatory, particularly because the trial court outlined what the guidelines were both with and without the enhancement. Based on the trial court's own clarification, it is clear that the trial court did not mistakenly believe that the sentence enhancement was mandatory. In the absence of an evidentiary basis for doing so, we decline to second-guess the trial court's own recollection.

Defendant also argues that the trial court did not explain its reasoning for applying the enhancement at sentencing and therefore abused its discretion by applying the enhancement. However, MCL 333.7413(1) provides that the court "may" enhance a defendant's sentence for a subsequent drug offense and does not require that the court provide compelling reasons for the enhancement. Further, we have held that a discretionary sentence enhancement provided by statute is itself part of the statutory guidelines range and not a departure, so there is no need for a trial court to provide specific justification for imposing a sentence with such an enhancement. See *People v Williams*, 268 Mich App 416, 430; 707 NW2d 624 (2005). Regardless, the trial court clearly stated on remand that it had adopted the enhancement because of defendant's prior record, tendency to reoffend in the same manner, and refusal to accept responsibility for his actions. Therefore, the trial court did not abuse its discretion by applying the enhancement to defendant's sentence.

## IV. INEFFECTIVE ASSISTANCE

Defendant lastly argues that his counsel was ineffective with respect to each issue. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

Ineffective-assistance claims are mixed questions of law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's findings of fact for clear error and reviews questions of law de novo. *Id*. Because no evidentiary hearing has been held, our review is limited to those mistakes visible on the record. *People v Dunigan*, 299 Mich App 579, 586; 831 NW2d 243 (2013). However, because defendant preserved this issue by asking this Court to remand for an evidentiary hearing, our review will include consideration of whether, upon full review, we now conclude that such a remand would be appropriate. See *People v Moore*, 493 Mich 933, 933; 825 NW2d 580 (2013).

To prove counsel was ineffective, this Court relies on the test set out in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy. Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable. [*People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011) (citations omitted).]

-5-

"Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## B. ANALYSIS

First, defendant argues that his counsel was ineffective for failing to object to the hearsay statements during trial. However, defense counsel did object to two of the statements as hearsay. Regarding the third statement, as previously discussed, the statement was not hearsay because it was not offered to prove the truth of the matter asserted. Therefore, counsel was not ineffective for making a futile objection. *Ericksen*, 288 Mich App at 201. Furthermore, any error in its admission was harmless. *Armstrong*, 490 Mich at 290.

Next, defendant argues that his counsel was ineffective for failing to object to the admission of the lab report. As discussed, the lab report was properly admitted pursuant to MCR 6.202(C), so defendant had no basis for objecting to its admission at trial. *Ericksen*, 288 Mich App at 201. As also discussed, even it had been error to admit the report, which it was not, any such error would have been harmless. *Armstrong*, 490 Mich at 290. Although not argued, we recognize that trial counsel could have made a written objection to the report under MCR 6.202(C)(2). However, it is not apparent that trial counsel lacked a sound strategic reason for declining to object to the report. As noted, the nature of the substance was of little relevance to the theory of the defense. However, placing the laboratory technician on the stand would have drawn significantly more attention to the fact that the substance was meth, and thus would have taken attention away from the argument that the operation was an inept setup. See *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008) (noting that it is reasonable trial strategy to not object and draw attention to specific comments). Furthermore, because the substance had already been field-tested to be meth, and it appears there was no real doubt about the nature of the substance, the outcome of any testimony from the lab technician likely was a foregone conclusion. Defendant has neither overcome the presumption that trial counsel had a sound strategic basis for declining to object under MCR 6.202(C)(2), nor shown that any such objection would have been helpful to the defense.

Defendant finally argues that his counsel was ineffective for failing to object to the application of the sentencing enhancement or ensure that the trial court was aware that the enhancement was discretionary. Because it is apparent from the record that the trial court was aware that the sentence enhancement was discretionary and its application was within the court's discretion, counsel was not ineffective for failing to make a meritless objection. *Ericksen*, 288 Mich App at 201.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Stephen L. Borrello